In relation to such assignments of error as assert reversible error on account of the language of the district attorney in argument to the jury, which it is claimed commented upon the right of the defendant to testify in his own behalf, we are of opinion that as the defendant did not at the time ask to have a mistrial entered, and as at the time the trial judge directed the jury to disregard the statement of the district attorney, and as the jury acquitted the defendant upon the count to which the district attorney's remarks particularly related, showing that they were not prejudiced by said remarks, the said assignments of error are not well taken.

On the whole record, we find no reversible error, and the judgment of the District Court is affirmed.

---

UNITED STATES v. ROSENTHAL et al.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1909.)

No. 1,838.

CUSTOMS DUTIES (§ 133*)—CUSTOMS LAWS—VIOLATION—FORFEITURES—PLEA IN BAR.

A verdict for defendants, indicted for smuggling certain diamond rings into the United States, was ground for a plea in bar to a libel by the United States for the forfeiture of the rings.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 133.*]

In Error to the District Court of the United States for the Western District of Texas.

Proceeding by the United States against eight solitaire diamond rings, and Max Rosenthal, claimant, for forfeiture under the United States customs laws. From a judgment dismissing the libel, the United States brings error. Affirmed.

The following is the opinion of Maxey, District Judge, on sustaining a plea in bar:

This is a libel of information filed by the government to forfeit eight diamond solitaire rings, and other items of jewelry mentioned in the information, because of their unlawful introduction into the United States, and Max Rosenthal and Abraham Rosenthal appear as claimants of the jewelry in the information described. The court finds that there was probable cause for the seizure of the diamonds and other jewelry mentioned in the information, and directs that a proper certificate thereof be entered of record. The plea avers, and it is admitted by counsel for the government, that Max Rosenthal and Abraham Rosenthal were indicted, tried, and acquitted of the offense of smuggling into the United States the articles in the information described. The court desires further to say that it differs with the jury in the conclusion reached by them in acquitting the defendants, Max and Abraham Rosenthal; but the question submitted to the jury was one of fact, which it was their duty to resolve as they deemed proper under the evidence and instructions of the court, and, the jury having seen fit to acquit the defendants, there is no appeal from such a verdict. The claimants in this case having been acquitted of the offense of smuggling in the criminal prosecution, the law declares that such verdict and judgment of acquittal may be interposed in bar of a libel of information based upon practically the same offense.

Counts 1 and 3 of the information charge that the articles of jewelry mentioned therein were smuggled by Max and Abraham Rosenthal into the United

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

States. The judgment of acquittal in the criminal case may clearly be interposed as a bar to these two counts. There may be some doubt as to whether such judgment of acquittal may be interposed as a bar to the remaining counts of the information; but the court is of the opinion that such judgment of acquittal is a bar to all the counts in the information contained, for the reason that all the counts of the information charge substantially the smuggling of the articles, that is to say, the clandestine introduction of the same into the United States without paying or accounting for the duties with intent to defraud the revenue, and the same proof substantially is necessary to sustain the counts as was required upon the trial of the criminal cause of smuggling.

The court, as stated, being of the opinion that the judgment of acquittal is a bar to all the charges contained in the information, directs that an order be entered sustaining the plea in bar filed by the claimants and dismissing the information.

Chas. A. Boynton, U. S. Atty.
W. B. Ware, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The judgment of the District Court is affirmed. See opinion of Judge Maxey in this cause, and Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684; Stone v. United States, 167 U. S. 184, 17 Sup. Ct. 778, 42 L. Ed. 127.

---

NICHOLSON v. HAYES et al.

(Circuit Court of Appeals, Fifth Circuit. December, 14, 1909.)

No. 1,942.

1. MORTGAGES (§ 32*)—DEEDS POLL—POSSESSION—ESTOPPEL.
Where deeds poll were executed pendente lite, and in one of them the consideration was dependent on the result of litigation, no possession being shown in the mortgagee, he was not estopped by them.
[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 85; Dec. Dig. § 32.*]

2. MORTGAGES (§ 32*)—ABSOLUTE DEED AS MORTGAGE—ESTOPPEL.
Grantors in deeds poll executed pendente lite are not estopped in equity from showing that they were mortgages.
[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 85; Dec. Dig. § 32.*]

In Error to the Circuit Court of the United States for the Southern District of Texas.

Action by Milton L. Hayes and others against Charles A. Nicholson. Judgment for plaintiffs, and defendant brings error. Affirmed.

Henry F. Ring and Presley K. Ewing, for plaintiff in error.
H. Masterson, N. C. Abbott, and H. N. Atkinson, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges.

PER CURIAM. Although the clerk certifies "the foregoing to be a true and correct copy of the record, assignment of errors, and all proceedings in the cause numbered 67 C. L. on the law docket of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes