**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**ONE LOT EMERALD CUT STONES
AND ONE RING, Defendant-
Appellee.**

**No. 71-3584.**

United States Court of Appeals,
Fifth Circuit.

June 9, 1972.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellant.

E. David Rosen, Miami, Fla., Bernard R. Fleisher, New York City, for defendant-appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

The United States appeals from the dismissal by the trial court of a forfeiture action in which the United States sought the forfeiture of One Lot of Emeralds and a Ring based upon a violation of Title 18 U.S.C. Section 545 and Title 19 U.S.C. Section 1497.

The essential facts are not controverted. On June 5th, 1969, Francisco Farkac Klementova, hereinafter called the claimant, entered the United States at the Miami International Airport in Dade County in the Southern District of Florida, without declaring for U.S. Customs, the articles which are the subject matter of this forfeiture complaint. He did, however, declare a few small items like a couple of bottles of liquor and some cigarettes. The claimant was immediately arrested and the articles were seized. The record discloses that the domestic and foreign values of the articles are $30,150.00 and $19,476.00 respectively and the duty on them would have amounted to $335.89.

Klementova was indicted by a Federal Grand Jury charging him as follows:

"On or about June 5, 1969, at Miami, Dade County, in the Southern District of Florida, the defendant,

FRANCISCO FARKAC KLEMENTO-
VA, a/k/a
Francisco Farkac

willfully and knowingly, *and with intent to defraud the United States,* did smuggle and clandestinely introduce into the United States at the Port of Miami, merchandise, that is, a quantity of cut and polished emeralds, and one ring, contrary to law, as the defendant then knew, in that said merchandise had not been presented for

inspection as required by Title 19, United States Code, Section 1461; that the defendant failed to declare said merchandise as required by Title 19 of the Code of Federal Regulations, Chapter 1, Section 10.19; and that the defendant failed to pay duty on said merchandise as required by Title 19 of the Code of Federal Regulations, Chapter 1, Section 8.1; in violation of Title 18, United States Code, Section 545." (emphasis added)

The case was tried to the Honorable Charles B. Fulton, without a jury, who entered a judgment of not guilty of the charge. Of some possible significance, although not determinative of the law, we think it appropriate to quote some of Judge Fulton's language which he used to give the basis for his judgment of acquittal:

"He is, obviously, a sophisticated dealer in emeralds and other jewelry.

"I don't condone nor do I approve, for one minute, what he did in this instance. I think he knew that that jewelry—that that ring and those emeralds should have been declared.

"He made a declaration of some cigarettes and some whiskey, several other little odd, meager items there, but I'm not persuaded *beyond a reasonable doubt* that he did what he did with the *intent to defraud the United States.*" (emphasis added)

Following this acquittal the Government then filed its action for forfeiture stating that the action was "based upon a violation of Title 18 U.S.C. § 545 and Title 19 U.S.C. § 1497".

In defense of the action the claimant pleaded the acquittal on the charge brought under the clearly criminal sections of Section 545 [1] as a bar to the forfeiture proceeding: "In that the facts, matters and property described in the indictment are identical with that described in the complaint for forfeiture; (2) that the judgment of acquittal aforesaid constitutes collateral estoppel to the forfeiture proceedings; (3) that the trial and judgment of acquittal constitute former jeopardy, and is a bar to these proceedings; (4) that under the doctrine of res adjudicata this action is barred."

The trial court, discussing only the provisions of the above quoted criminal section, that is Section 545, and without making any reference to U.S.C.A. 19 § 1497,[2] agreed with the claimant that such acquittal constituted a bar to the

---

1. 18 U.S.C.A. § 545 provides as follows:

"Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

Shall be fined not more than $10,000 or imprisoned not more than five years or both.

Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.

Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States. . . . ."

2. Section 1497 is a part of the Tariff Act of 1930. This is to be distinguished from § 545 of Title 18 which is part of the Criminal Code of the United States. Section 1497 provides as follows:

"Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to ferfeiture and such person shall be liable to a penalty equal to the value of such article."

forfeiture proceedings. The court based its judgment on the earlier Supreme Court decision of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L. Ed. 684 (1886), and United States v. Rosenthal, (5th Cir., 1909) 174 F. 652.

The trial court also concluded that forfeiture proceedings per se have now been finally declared punitive by the Supreme Court in United States v. U. S. Coin and Currency, 401 U.S. 715, 91 S. Ct. 1041, 28 L.Ed.2d 434 (1971).

We think it quite clear that if the only basis for the proceeding to forfeit the merchandise here before the court were that contained in Section 545, we would agree with the disposition of the case made by the trial court. This is because the facts of the case would bring it strictly in line with the Supreme Court decision in Coffey and this court's decision in United States v. Rosenthal, supra. However, the appellant makes no effort to answer the Government's contention that the forfeiture provisions of the customs laws, dealing with "collection of duties" as set out in Section 1497 of Title 19 provides for the forfeiture of merchandise of this nature upon the occurrence of entirely different facts and circumstances than are required to constitute a basis of an indictment and/or forfeiture under Section 545 of Title 18. As is clear from the language of the sections quoted in footnotes (1) and (2), supra, the criminal section requires proof beyond a reasonable doubt of a knowing and willful smuggling or clandestinely introducing, into the United States, merchandise *with intent to defraud the United States* which should have been invoiced. Then it is equally plain that forfeiture provisions of the same section provide for forfeiture only if the merchandise is "introduced into the United States *in violation of this section*." Thus, to obtain a forfeiture under Section 545, it must be proved that the gems, here in issue, were knowingly and willfully smuggled or clandestinely introduced into the United States with intent to defraud the United States. To the contrary, in order to impose the sanctions contained in 19 U.S.C.A. § 1497, no crime of any sort need be proved. There is not a word about willfully or knowingly with intent to defraud the United States or about smuggling or clandestinely introducing into the United States in this section. It merely provides that if a person brings in an article and makes a written declaration or an oral declaration which does not include a particular item in question, and he fails to mention it before the examination of his baggage has begun, the merchandise is forfeited.

Thus, we do not have a case where proof necessary to cause a forfeiture under Section 1497 would sustain a conviction under Section 545. The cases are, therefore, not controlled by either Coffey or Rosenthal.

A careful reading of these two cases indicates that in both instances the forfeiture could be made only upon proof of willful or knowing conduct and criminal intent. The forfeitures which were there sought were not made under a statute which made the objects subject to seizure through the innocent conduct (that is to say, conduct of less than criminal in nature or definition) of a person whose act would result in the United States losing certain duties or tariffs.

In the Coffey case the Supreme Court said: "The information [for forfeiture] is founded on sections 3257, 3450, and 3453; and there is no question, on the averments and the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts, and intents *averred in the information in this suit.*" (emphasis added) 116 U.S. 436, 442, 6 S.Ct. 437, 440. In the Rosenthal case, decided by this court in 1909, the court said: "The claimants in this case having been acquitted of the offense of smuggling in the criminal prosecution, the law declares that such verdict and judgment of acquittal may be interposed in bar of a libel of information *based upon practically the same offense.*"

(emphasis added) The court then said: "The court is of the opinion that such judgment of acquittal is a bar to all the counts in the information contained, for the reason that all the counts of the information *charged substantially the smuggling of the articles, that is to say, the clandestine introduction of the same into the United States without paying or accounting for the duties with intent to defraud the revenue,* and the same proof substantially is necessary to sustain the counts as was required upon the trial of the criminal cause of smuggling." (emphasis added)

The appellee also relies upon the proposition that a forfeiture is per se punitive in nature, and apparently concludes from that that if the forfeiture is in any way connected with the facts that may have been part or all of the basis of an earlier criminal prosecution, the forfeiture is barred. In doing so he relies on United States v. U. S. Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L. Ed.2d 434. The trial court also cited this case and quoted the following language:

> "But as Boyd v. United States, 116 U.S. 616, 634, 6 S.Ct. 524, 29 L.Ed. 746 (1886), makes clear, 'proceedings instituted for the purpose of declaring the forfeiture of a man's property *by reason of offenses committed by him,* though they may be civil in form are in their nature criminal' for Fifth Amendment purposes. (Emphasis Supplied) From the relevant constitutional standpoint there is no difference between a man who 'forfeits' $8,674 because he used the money in illegal gambling activities and a man who pays a 'criminal fine' of $8,674 as a result of the same course of conduct. In both instances, money liability is predicated upon a finding of the owners wrongful conduct; in both cases, the Fifth Amendment applies with equal force."

The trial court thereupon said: "This statement brings the entire case into focus. Forfeiture is punitive, and not remedial." With deference to the views of the trial court we must point out that although it emphasized the words "by reason of offenses committed by him," the trial court failed to give effect to these words. As we have shown, the forfeiture provided in this case is not a forfeiture of a man's property "by reason of offenses committed by him." This forfeiture is by reason of a provision, not even spoken of as a penalty, cf. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (in which the Supreme Court held that a fifty percent fraud *penalty* could be claimed by the government notwithstanding a prior acquittal in a criminal case involving precisely the same fraud against the government,) but in aid of collection of duties owed the United States. As we have indicated above, also, without even the need of drawing the distinction between the standard of proof in a criminal case and that in a forfeiture case, the facts on which the libel for forfeiture here were based are not the same facts which formed the basis of the indictment against the claimant.

We conclude that the libel or information for forfeiture of the goods here involved was fully authorized by the section of the Code dealing with collection of the duties owed the United States. Under this section a negligent error of the person who introduced the articles would result in their forfeiture precisely the same as if the act had been done on purpose. It was, therefore, not necessary to prove anything more than the simple violation of Section 1497 in order for the government to prevail. These facts are amply proved in the record before us and it was error for the trial court to dismiss the action for forfeiture as barred by the previous acquittal of a separate offense.

The judgment is reversed and the case is remanded for entry of judgment for the United States.