**EXECUTIVE AIRLINES, INC.,**
a corporation,

v.

**AIR NEW ENGLAND, INC.,** a corporation, et al.

**Civ. A. No. 73–374.**

United States District Court,
D. Massachusetts.

May 2, 1973.

Edward T. Dangel, III, Boston, Mass., for Executive Airlines, Inc.

Lewis Weinstein, Foley, Hoag & Eliot, Boston, Mass., for Air New England, Inc., and Joseph S. Whitney.

## OPINION

FREEDMAN, District Judge.

This is an antitrust action for injunctive relief and treble damages brought against Air New England, its president and several of its principal stockholders, and Associated New England Airlines, Inc., an association of small airways which includes Air New England. Plaintiff Executive Airlines alleges that the defendants have engaged in unfair practices such as price cutting and competition at a loss, in order to allegedly drive plaintiff out of business and produce a monopoly for defendants. Plaintiff further alleges that defendant Associated New England Airlines, Inc. was formed to drive plaintiff out of business and that all defendants have conspired to effect this end. The unfair practices are alleged to occur in connection with the Waterville-Augusta-Boston air route and the Burlington-Montpelier-Lebanon-Boston route. Plaintiff has requested this court to award money damages and to issue an injunction restraining Air New England from competing with plaintiff on the two aforementioned routes until ninety (90) days after the Civil Aeronautics Board renders a deci-

**346**

sion in the *New England Service Investigation.*[1]

On February 5, 1973, following a hearing, plaintiff's motion for a temporary restraining order was denied by this Court. Defendant Air New England and its president, Joseph Whitney, have moved to dismiss this action. In oral argument heard on April 13, 1973 defendants asserted that this Court lacks subject matter jurisdiction since the Civil Aeronautics Board has primary jurisdiction of the matters alleged in the complaint and because plaintiff has failed to exhaust his administrative remedies or has sought judicial review in the wrong court.

Plaintiff and defendant·Air New England are both "air taxi operators," and as a result of this status, they are exempt from route certification. 14 C.F. R. § 298.11. The exemption from certification means that commuter carriers, like the parties in this suit, can freely commence and terminate service on air routes. No one air taxi operator has the exclusive right to service an air route. Plaintiff's request for injunctive relief asks this Court to abolish the exemption applicable to Air New England and grant route protection for plaintiff on the two previously mentioned air routes. It is apparent that this request asks for the same relief which plaintiff requested before the Civil Aeronautics Board pertaining to the Vermont air route. The Board denied that request on March 23, 1973.

■ The power to grant a change in an exemption is clearly within the jurisdiction of the Civil Aeronautics Board pursuant to 49 U.S.C. § 1386. The Board exercised its jurisdiction and denied plaintiff's request in order to preserve the status quo pending the final decision in the *New England Service In-*

vestigation. Plaintiff now asks this Court to, in effect, overrule the Board and grant relief which the Board would not grant. This Court does not have jurisdiction to overturn Board decisions. The power of judicial review is granted exclusively to the court of appeals under § 1006 of the Act. 49 U.S.C. § 1486. Consequently, this Court lacks jurisdiction over plaintiff's request for injunctive relief.

Section 411 of the Federal Aviation Act of 1958 (49 U.S.C. § 1381) specifically empowers the Civil Aeronautics Board to ". . . investigate and determine whether any air carrier, foreign air carrier, or ticket agent has been or is engaged in unfair or deceptive practices or unfair methods of competition in air transportation or the sale thereof." The Board, under 49 U.S.C. § 1381, also has the power to issue cease and desist orders against such unfair practices. This grant of administrative jurisdiction would appear to conflict with the grant of jurisdiction given to the courts under the antitrust laws. However, the doctrine of primary jurisdiction has arisen as ". . . an attempt to resolve the procedural and substantive conflicts inevitably created when there is carved out for an agency an area of original jurisdiction which impinges on the congeries of original jurisdictions of the courts." Jaffe, "Primary Jurisdiction," 77 Harv.L.Rev. 1037 (1964). The Civil Aeronautics Board's primary jurisdiction of an antitrust complaint under 411 of the Act was fully discussed in Pan American Airways v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963). The Supreme Court held that the complaint should have been dismissed because the acts alleged came directly under the Civil Aeronautics Board's authority. The Court did not see how the antitrust issues could be de-

1. The New England Service Investigation, C.A.B.Docket 22983, is a proceeding pending before the Civil Aeronautics Board involving applications of plaintiff, defendant Air New England, and others to service certain New England air routes including the two routes involved in the case at bar. The modification of the Board's policy against the grant of route protection to commuter airlines is also in issue.

cided without also deciding such matters as allocation of routes, division of territories and affiliations between air carriers and common carriers, all of which by Congressional legislation, are questions specifically for the Board's decision.

The antitrust allegations in the case at bar of necessity include deciding such issues as route protection and allocation along with the Board policy of exempting air taxi operators from route certification. See 14 C.F.R. § 298.11. All of these issues fall within the jurisdiction and special competence of the Civil Aeronautics Board as delineated by Congress. 49 U.S.C. § 1386 and 49 U.S.C. § 1381.

■ This Court is not persuaded by plaintiff's argument that air taxi operators are exempt from the operation of § 411 of the Federal Aviation Act. On the contrary, it appears that air taxi operators do, in fact, fall under the authority of the § 411 antitrust provision of the Act, and the Civil Aeronautics Board does have jurisdiction over this matter.

■ Hughes Tool Co. et al. v. Trans World Airlines, Inc., 409 U.S. 363, 93 S. Ct. 647, 34 L.Ed.2d 577 (1973), is a most recent Second Circuit case on the issue of the Board's primary jurisdiction in which the Supreme Court held that the antitrust allegations, which were not specifically covered by the Act, were under the authority of the Civil Aeronautics Board and not under judicial authority. Thus, the Board's authority was extended to prevent any collision between the courts and the Board in construing the antitrust laws. To allow judicial decision of the matters alleged in the instant complaint would make the Board's procedures unworkable and cause chaos between the judicial and administrative balance of power. As a result, this Court finds that the Civil Aeronautics Board has primary jurisdiction of the matters alleged in plaintiff's complaint.

Even though plaintiff requests money damages as part of his relief, this request does not preclude a finding that primary jurisdiction of the matters alleged is with the Board. Plaintiff may be entitled to recover damages in this Court under the antitrust laws at a future time. However, this Court cannot exercise its jurisdiction under the antitrust laws until the Board has exercised its jurisdiction under the Act. Apgar Travel Agency v. International Air Trans. Ass'n, 107 F.Supp. 706 (S.D.N. Y.1952).

Accordingly, the consolidated motion to dismiss by defendants Air New England and Joseph Whitney is allowed.