UNITED STATES of America,
Plaintiff,

v.

ONE (1) 1969 BUICK RIVIERA AUTO-
MOBILE, SERIAL NO. 69–49487
EUC 187877, Defendant.

No. 72–2028–Civ–CF.

United States District Court,
S. D. Florida.

May 18, 1973.

Robert N. Reynolds, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Earl L. Denney, Jr., of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, Fla., for defendant.

ORDER

FULTON, Chief Judge,

This cause was considered upon the litigant's cross-motions for summary judgment, filed with respect to this forfeiture action initiated by the government pursuant to 19 U.S.C. § 1595a(a) and 49 U.S.C. § 781.

STIPULATED FACTS.

For the purposes of the cross-motions for summary judgment, counsel have stipulated the facts as follows:

(1) On June 24, 1971, two packages from Jamaica arrived at the Post Office facility in Miami. The packages were addressed to Robert Gustin, the owner of the "defendant automobile" and the intervenor herein.

(2) Because of the special attention paid to the packages by the customs' dog, an official opened the packages and found each to contain ten pounds of marijuana.

(3) The packages were subsequently forwarded to the post office at Delray Beach and were kept under surveillance until the parcels were claimed by Robert Gustin on September 16, 1971.

(4) After receiving the packages, Gustin proceeded to a parking lot adjacent to the post office, where he then placed the unopened packages into the trunk of a 1969 Buick Riviera. Gustin was immediately arrested and charged with unlawful importation, 21 U.S.C. § 952(a), and possession with intent to distribute, 21 U.S.C. § 841(a)(1).

(5) The charges against Gustin were subsequently dismissed by this Court with prejudice to the Government. Thereafter the instant forfeiture action was instituted against Gustin's 1969 Riviera.

## ISSUE

The parties, in stipulating the above facts, also contend there to be no genuine issue of material fact and that judgment should be rendered as a matter of law. The legal issue therefore is whether the dismissal of the criminal charges against Gustin precludes the forfeiture action from being maintained or whether proof of the underlying criminal charge is inconsequential in an in rem forfeiture action.

The Government has presented the traditional argument that personal property may be seized and forfeited even though its owner is completely innocent of any criminal conduct. According to the Government, "[a] violation was committed and defendant vehicle is blameworthy because it ran with the wrong company." Obviously the Government is placing reliance on the common-law legal fiction that the inanimate objects themselves are guilty and consequently are subject to forfeiture, notwithstanding the owner's innocence. See Dobbin's Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637 (1878); The Palmyra, 12 Wheat. (25 U.S.) 1, 6 L.Ed. 531 (1827). This Court is unpersuaded, however, as to the continued vitality of this common-law principle that the personal property is "guilty" and therefore subject to forfeiture.

In United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the Supreme Court recently held that forfeiture statutes, when viewed in their entirety, "are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise." 401 U.S. at 721, 91 S.Ct. at 1045. The Court went on to hold that broad sweeping provisions of the forfeiture statutes, calling for automatic seizure, become constitutionally suspect under the due process clause of the Fifth Amendment when dealing with innocent persons. See also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965).

The forfeiture proceeding instituted by the Government in the instant cause is punitive in nature and is precluded by the dismissal of the criminal charges against Gustin. When the forfeiture action and the criminal indictment are based on the same operative facts, an acquittal on the criminal charges prevents the forfeiture action. Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886); United States v. Rosenthal, 174 F. 652 (5th Cir. 1909). A dismissal of the criminal charges with prejudice should be treated as an acquittal for the purpose of preventing a forfeiture proceeding. McKeehan v. United States, 438 F.2d 739 (6th Cir. 1971). In light of the foregoing authority, it is the determination of this Court that Robert Gustin's motion for summary judgment should be granted.