UNITED STATES of America,
Plaintiff-Appellant,

v.

ONE (1) 1969 BUICK RIVIERA AUTO-
MOBILE SERIAL NO. 69-49487 EUC
187877, Defendant-Appellee.

No. 73-2877.

United States Court of Appeals,
Fifth Circuit.

May 1, 1974.

Robert N. Reynolds, Asst. U. S. Atty.,
Robert Rust, U. S. Atty., Miami, Fla.,
for plaintiff-appellant.

Earl L. Denney, Jr., Edna L. Caruso,
West Palm Beach, Fla., Wm. M. Howell,
Jacksonville, Fla., for defendant-appel-
lee.

Before BROWN, Chief Judge, and
TUTTLE, and SIMPSON, Circuit
Judges.

TUTTLE, Circuit Judge:

The issue on appeal is narrow and straight forward: Whether a dismissal with prejudice of a criminal indictment charging violations of 21 U.S.C.A. § 841(a)(1) and § 952(a), marijuana importation, bars a subsequent forfeiture action brought under 19 U.S.C.A. § 1595a(a) and 49 U.S.C.A. § 781, when the two actions arise out of the same transaction?

The case was submitted to the district court on stipulated facts on the basis of which both parties moved for summary judgment. Robert Gustin, intervening claimant and owner of the defendant-car, had used the car to drive to the post office in Delray Beach, Florida, where he picked up two packages of marijuana which had been sent to him from Jamaica, British West Indies. After procuring the two packages, he placed them in the trunk of the defendant which was in the parking lot adjacent to the post office. Gustin was arrested and charged with unlawful importation of marijuana and possession with intention to distribute. These charges were *dismissed with prejudice* by the same court which had the instant forfeiture case before it. When the present action was brought, the district court disallowed the forfeiture action. 358 F.Supp. 358 (S.D.Fla. 1973). We reverse.

■ The district court and the appellee rely on the punitive nature of the forfeiture, United States v. United States Coin and Currency, 401 U.S. 715, 718, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), and the prior adjudication, the dismissal with prejudice of the criminal suit,[1] to defeat the forfeiture on collateral estoppel, Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886); United States v. Rosenthal, 174 F. 652 (5th Cir. 1909), or double jeopardy grounds. We disagree and uphold the forfeiture on the basis of the Su-

preme Court's affirmance of our decision in United States v. One Lot Emerald Cut Stones and One Ring, 461 F.2d 1189 (5th Cir.), aff'd per curiam, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), and on the *plain meaning and purpose* of the statutes.

The Supreme Court decision in *One Lot Emerald Cut Stones and One Ring* distinguishes the earlier *Coffey* holding, on the collateral estoppel consequence of an acquittal on a prior criminal charge, on the grounds that it may have failed on an issue not present in the civil forfeiture proceeding, i. e. intent. 409 U.S. at 234–235, n. 5. Of course, in this case, there is no indication that any issue was actually litigated by the dismissal with prejudice of the prior criminal charge. Additionally, the Supreme Court pointed out that the doctrine of collateral estoppel does not take into account the different burdens of proof in criminal and civil suits. 409 U.S. at 235.

■ Concerning the double jeopardy claim, it is sufficient to cite further the Supreme Court language in *One Lot Emerald Cut Stones and One Ring*:

"If for no other reason, the forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments. 'Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the Double Jeopardy Clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense.' Helvering v. Mitchell, supra, [303 U.S. 391] at 399 [58 S.Ct. 630, 82 L.Ed. 917]. *See also* United States ex rel. Marcus v. Hess, 317 U.S. 537, [63 S.Ct. 379, 87 L.Ed. 443] (1943)." 409 U.S. at 235–236.

Forfeiture under these statutes, 19 U.S.C.A. § 1595a(a) and 49 U.S.C.A. § 781,

---

1. The district equated the dismissal with prejudice with an acquittal.

is a civil sanction.[2] *Cf.* 409 U.S. at 236–237.

 The statutes, 19 U.S.C.A. § 1595a(a)[3] and 49 U.S.C.A. § 782,[4] provide under the facts of this case for civil proceedings resulting in forfeiture on the showing of two elements. The first is that the substance has been illegally imported, not necessarily by the owner of the defendant-vehicle. One Lot Emerald Cut Stones and One Ring v. United States, *supra,* 409 U.S. at 234. The second is that the defendant-vehicle must have been used in the facilitation of transporting, concealing, possessing (or otherwise under the language of the statute) the prohibited substance.[5] From the stipulated facts between the parties, both these elements of proof are present. *Cf.* 19 U.S.C.A. § 1615.

Reversed and remanded.

2. Reliance on United States v. United States Coin and Currency, *supra,* 401 U.S. at 718, for the proposition that a forfeiture, although called civil, is criminal in nature for purposes of invoking double jeopardy, is misplaced. *Cf.* One Lot Emerald Cut Stones v. United States, *supra,* 409 U.S. at 236 n. 6. This case was concerned only with the issue of whether a forfeiture was sufficiently punitive in nature to allow the invocation of the fifth amendment right against self incrimination. 401 U.S. at 721–722, n. 10.

3. This provision states:
"(a) Except as specified in the proviso to section 1594 of this title, every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, shall be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment."

4. This provision states:
"Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: *Provided,* That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: *Provided further,* That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

5. An amelioration of the harsh effect of forfeiture on an innocent owner is provided by the proviso in the statutory provisions and 19 U.S.C.A. § 1618 (Supp.1973), providing for remission by appeal to the Secretary of Treasury. *See* United States v. United States Coin and Currency, *supra,* 401 U.S. at 721.