MATTER OF MCDONALD AND BREWSTER

In Exclusion Proceedings

A–13461595

A–20655555

*Decided by Board March 13, 1975*

(1) Applicants who entered this country in possession of six marijuana cigarettes brought for personal use were not excludable under section 212(a)(23) of the Immigration and Nationality Act because there had been no conviction for illegal possession of marijuana and because the evidence did not sustain a finding of excludability on that basis.

(2) Applicants were not excludable under section 212(a)(27) of the Act on the basis of the possession of the marijuana cigarettes because while the importation of the marijuana cigarettes may be prohibited by law, it is not an activity which is inimical to the internal security of the United States, and thus section 212(a)(27) is inapplicable.

(3) Mitigated forfeiture pursuant to 19 U.S.C. 1595a and 21 U.S.C. 952 is a civil, not a criminal penalty and thus does not invoke the provisions of section 212(a)(23) of the Act.

EXCLUDABLE: Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Illicit traffic in marijuana.

Act of 1952—Section 212 (a)(27) [8 U.S.C. 1182(a)(27)]—An alien seeking to enter the United States to engage in activities prejudicial to the public interest or welfare, safety, or security of the United States (both applicants).

ON BEHALF OF APPLICANTS:
Pro se

ON BEHALF OF SERVICE:
Adolph F. Angelilli
Trial Attorney

The female applicant appeals from the December 5, 1973 decision of the immigration judge finding her excludable under section 212(a)(27) of the Immigration and Nationality Act. The male applicant was found excludable by the same immigration judge on the same ground in a separate hearing on the same date but waived his right to appeal. The immigration judge certified his case to this Board for review pursuant to 8 CFR 3.1(c). The appeal of the female applicant will be sustained, and the decision of the immigration judge in the case of the male applicant will be reversed.

The two applicants are natives and citizens of Canada. The female applicant is a commuter, employed in Detroit, Michigan. On November

203

30, 1973 the applicants attempted to enter the United States together by automobile just to spend the evening. They were held for secondary inspection, at which time the inspector found six marijuana cigarettes belonging to the male applicant in the possession of the female applicant. The male applicant paid $100 in mitigated forfeiture pursuant to 19 U.S.C. §1595a (1965) [1] for violation of 21 U.S.C. §952 (1972), a provision prohibiting the importation of controlled substances, including marijuana. This was a civil sanction and not a criminal conviction.[2] *United States* v. *One (1) 1969 Buick Riviera Automobile*, 493 F.2d 553 (C.A. 5, 1974). Both applicants were held in exclusion proceedings.

Each applicant was originally charged under section 212(a)(23) of the Act on suspicion that he was or had been an illegal trafficker in marijuana. However, in each case the immigration judge concluded that the applicant was not excludable under that subsection of the statute, as there had been no conviction, and the charge of illicit traffic in marijuana was not sustained by evidence of record. We agree with those conclusions.

Each applicant was subsequently charged with being excludable under section 212(a)(27). That subsection provides for the exclusion of "[a]liens who the consular officer or the Attorney General knows or has reason to believe seek to enter the United States solely, principally, or incidentally to engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States." The immigration judge found them to be excludable under that subsection. We disagree.

The Service position is that the language of subsection 212(a)(27) is very similar to that of 21 U.S.C. 801(2), in which Congress made the following finding and declaration: "The illegal importation, manufacture, distribution, and possession and improper use of controlled substances [marijuana among them] have a substantial and detrimental effect on the health and general welfare of the American people." Section 952 of Title 21, U.S.C., under which the male applicant was fined, makes reference to the subchapter in which the above declaration is contained.

We see a difference between the "health and general welfare of the American people" [3] and the "welfare, safety, or security of the United States." [4] The latter language, coming from the Immigration and Nationality Act, refers not to the personal health and welfare of individuals or groups of persons but to the welfare and security of the United States. The Senate and House Committees which recommended the

---

[1] Tariff Act of 1930, as amended.

[2] The criminal penalties for violation of 21 U.S.C. §952 (1972) are set forth in 21 U.S.C. §960(a) and (b) (1972).

[3] 21 U.S.C. 801(2)

[4] Section 212(a)(27), Immigration and Nationality Act

passage of the bill incorporating section 212(a)(27) considered that subsection as one relating to subversives. S. Rept. No. 1137, 82d Cong., 2d Sess. 10 (1952); H.R. Rept. No. 1365, 82d Cong., 2d Sess. (1952). We have previously stated that the language of this subsection is broad enough to apply to others than subversives, *Matter of M—*, 5 I. & N. Dec. 248, 253 (BIA 1953), but we have held that it is not meant to exclude pacifists, *id.* or aliens who have conspired with others in assisting other aliens to enter the United States unlawfully, *Matter of Zamora*, A-10550431, unreported (BIA March 11, 1958).

In *Zamora* we stated that section 212(a)(27) was designed to exclude aliens who seek to enter solely, principally, or incidentally to engage in activities inimical to the internal security of the United States. We still hold that view. While the importation for personal use of several marijuana cigarettes may be prohibited by law, it is not an activity which is inimical to the internal security of the United States.

The applicants were held in exclusion proceedings because several marijuana cigarettes had been found in their possession. The provision for excluding aliens on account of activity involving narcotics and marijuana is section 212(a)(23). The immigration judge correctly found that the possession of a few cigarettes for personal use did not bring the applicants within the subsection of the Immigration and Nationality Act. Under the circumstances of these cases section 212(a)(27) is inapposite.

ORDER: The appeal of the female applicant is sustained and the decision of the immigration judge in the case of the male applicant is reversed.