In the Matter of the License of AIRLANTIC TRANSPORT, INC. Under CFR 14 Part 121 of the Regulations Federal Aviation Administration.

Civ. No. 74–1217.

United States District Court,
D. Puerto Rico.

May 11, 1977.

**2.** The mere fact that petitioner pursued an appeal in which he could ostensibly "excuse his absences" cannot become a substitute for the regulations. *Hall v. Fry,* 10th Cir., 509 F.2d 1105.

Harry A. Ezratty, San Juan, P. R., for petitioner.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for U. S. of America.

## OPINION AND ORDER

PESQUERA, District Judge.

In the instant case, Airlantic Transport, Inc. (hereinafter Airlantic) filed a petition whereby it requests that this Court review an order of the Federal Aviation Administration in which petitioner's commercial certificate, number SO–225c, was cancelled.

Petitioner alleges that its commercial certificate was cancelled due to the arbitrary, capricious and unreasonable actions of the Regional Administrator of the FAA in Puerto Rico. Jurisdiction is invoked under 5 U.S.C. §§ 701–706 and 49 U.S.C. § 1487.

Respondent, the United States Government, filed a motion to dismiss, alleging that petitioner's only forum regarding the present controversy is the United States Court of Appeals pursuant to 49 U.S.C. § 1486(a).[1]

Airlantic filed a brief in opposition to the government's motion to dismiss alleging as follows:

1. That Federal District Courts have jurisdiction in matters such as presented herein. Such jurisdiction is allegedly vested by 49 U.S.C. § 1487, insofar as it supposedly authorizes "any party in interest" to apply to this Court when provisions of the Federal Aviation Act have been violated.

---

**1.** Since respondent accompanied its motion with various documents which we have examined, we will treat said motion as one for summary judgment under Rule 56, F.R.C.P. pursuant to Rule 12(b) of the F.R.C.P.

2. That respondent's alleged failure to investigate petitioner's complaint constituted a violation of respondent's duty under 49 U.S.C. § 1482; it is thus alleged that this Court may enforce said section pursuant to 49 U.S.C. § 1487.

With these arguments we disagree; 49 U.S.C. § 1487(a) provides as follows:

"If any person violates any provision of this chapter, or any rule, regulation, requirement, or order thereunder, or any term, condition, or limitation of any certificate or permit issued under this chapter, the [Civil Aeronautics] Board or Administrator, as the case may be, their duly authorized agents, or, in the case of a violation of section 1514 of this title, the Attorney General, *or in the case of a violation of section 1371(a) of this title, any party in interest,* may apply to the district court of the United States . . ." (emphasis ours)

The aforecited Section 1371(a) provides in turn:

"No air carrier shall engage in any air transportation unless there is in force a certificate issued by the Board authorizing such air carrier to engage in such transportation."

Section 1487(a) grants jurisdiction to the district courts to enforce the provisions of the Federal Aviation Act. Such jurisdiction is generally exercised upon application by the Administrator of the Federal Aviation Administration or by the Civil Aeronautics Board. In case of a violation of Section 1514, the Attorney General may apply for the remedy provided by Section 1487; and only in cases of violations of 49 U.S.C. § 1371(a) may "any party in interest" apply to the district court for relief.

■ In the present case, petition is not arguing that 49 U.S.C. § 1371(a) was violated. Consequently, it may not invoke jurisdiction under 49 U.S.C. § 1487.

■ Petitioner additionally contends that the Administrator had a duty to investigate its complaint under 49 U.S.C. § 1482, and that his failure to do so is reviewable by this Court under 5 U.S.C. §§ 702, 705 and 706. Section 1482(a) provides in part:

" . . . If the person complained against shall not satisfy the complaint and there shall appear to be any reasonable ground for investigating the complaint, it shall be the duty of the Administrator or the Board to investigate the matters complained of. Whenever the Administrator or the Board is of the opinion that any complaint does not state fact which warrant an investigation or action, such complaint may be dismissed without hearing. . . ."

In the instant case, petitioner admits that the Administrator refused (in writing) to reconsider his position.[2] This action falls clearly within the permissible administrative procedure under Section 1482(a).

■ As this Court sees it, petitioner's contentions may be summed up in allegations that the orders cancelling Certificate No. SO–225c and subsequently refusing to review it, were arbitrary and capricious. *A fortiori,* we are not the proper forum to entertain such a claim. Petitioner has a clear-cut remedy under 49 U.S.C. § 1486(a), which provides:

"Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect to any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, *shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia* upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore." (emphasis added)

See *Holman v. Southern Airways, Inc.,* 210 F.Supp. 407 (1972).

Petitioner's arguments attacking the Administrator's alleged failure to promptly in-

2. See Brief for Petitioner of February 3, 1975, page 3.

vestigate the complaint are not a separate cause of action herein. This is particularly so when there was clear notice that the certificate would not be renewed for failure to meet required standards, that extension of time would not be granted and that reconsideration was denied. Such contentions of delayed action at the administrative level could, in any event, constitute arguments supporting a filing in the Court of Appeals without complete exhaustion of administrative remedies.

In view of the above, the present case is hereby dismissed. See *Oling v. Air Line Pilots Assn.*, 346 F.2d 270 (7 Cir. 1965); *Executive Airlines, Inc. v. Air New England, Inc.*, 357 F.Supp. 345 (1973); *Capital Airlines v. U. S.*, 90 F.Supp. 926 (1950); *Pacific Northern Airlines v. Alaska Airlines*, 80 F.Supp. 592 (1948).

The Clerk shall enter judgment accordingly.