UNITED STATES of America, Appellee,

v.

ONE ASSORTMENT OF 89 FIREARMS, Appellant,

National Rifle Association of America, Amicus Curiae.

No. 81–1055.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1982.

Decided Aug. 23, 1982.

**914**

Herbert W. Louthian, Columbia, S.C., for appellant.

Richard E. Gardiner, Springfield, Va., for amicus curiae.

Mary E. G. Slocum, Asst. U. S. Atty., Columbia, S.C. (Henry Dargan McMaster, U. S. Atty., Columbia, S.C., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER, RUSSELL, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, sitting en banc.

CHAPMAN, Circuit Judge.

This is an appeal from a judgment ordering forfeiture under 18 U.S.C. § 924(d) of 80 firearms seized from the home of Patrick Mulcahey, who was alleged to have been a dealer in firearms without a license. 511 F.Supp. 133. Mulcahey had previously been indicted for unlawfully and knowingly engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1). Finding that Mulcahey's acquittal on the criminal charge is a bar to the forfeiture, we reverse.

On January 20, 1977, an assortment[1] of firearms was seized by agents of the Bureau of Alcohol, Tobacco and Firearms. Following an indictment under 18 U.S.C. § 922(a)(1), Mulcahey was tried by a jury and on March 16, 1977 was acquitted of the charge. The present action *in rem* against the same assortment of firearms was initiated on March 31, 1977 by service of a complaint seeking forfeiture pursuant to 18 U.S.C. § 924(d). Mulcahey, as claimant, filed a claim for recovery of the firearms and also filed an answer to the complaint. The parties entered into a stipulation that the transcript in the criminal trial of *United States v. Mulcahey*, No. 77–00013, would be submitted to the court in lieu of testimony. Upon motion of the United States prior to trial, the district court struck Mulcahey's second defense of collateral estoppel, res judicata and the bar to the present proceedings of the jury verdict in No. 77–00013. Upon trial of the forfeiture the same firearms which had been seized by the ATF and used by the United States Attorney as evidence in the criminal action were again

---

1. The number of firearms in the assortment has varied from time to time as the agents of ATF and the United States returned certain firearms admittedly belonging to other persons and the district court in its final order directed that certain firearms be returned to owners other than Mulcahey.

introduced into evidence. The district court ordered a forfeiture of 80 of the firearms. The court concluded:

> ... [T]he firearms here in question were involved in, used and intended to be used in violation of 18 U.S.C. § 922(a)(1). Such firearms are rendered subject to forfeiture under 18 U.S.C. § 924(d), which forfeiture is hereby ordered.

The court found that these firearms were used by Mulcahey from May 13, 1976 to January 20, 1977, while Mulcahey was engaged in the business of dealing in firearms without being properly licensed. The criminal indictment against Mulcahey charged him with being engaged in the business of dealing in firearms without being licensed to do so from on or about May 12, 1976, up to the return of the indictment on January 19, 1977.

Mulcahey seeks return of the firearms upon the ground that the jury verdict in the criminal action conclusively settled the issue that he was not engaged in the business of dealing in firearms without a license, and he contends that the present action is barred by the holding in *Coffey v. United States*, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886). We agree.

Coffey was tried on a criminal charge of violating the revenue laws of the United States by operating a distillery without payment of the required taxes. He was acquitted on this charge, and shortly thereafter the United States sought forfeiture of the distilling equipment. Coffey raised the prior acquittal as a bar to the forfeiture action, and the Supreme Court agreed, stating at page 442, 6 S.Ct. at page 440;

> The principal question is as to the effect of the indictment, trial, verdict and judgment of acquittal set up in the fourth paragraph of the answer. The information is founded on sections 3257, 3450 and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit.

The question, therefore, is distinctly presented, whether such judgment of acquittal is a bar to this suit. We are of the opinion that it is.

At 443, 6 S.Ct. at 440 the Court stated:

> Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding, instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit *in rem*. It is urged as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt; and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States, in the suit *in rem*. Nevertheless, the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant.

Coffey was acquitted on a charge of operating a still without paying the necessary tax thereon and could raise this acquittal as a bar to an action for forfeiture of the distilling equipment. Mulcahey was acquitted on a charge of being engaged in the business of dealing in firearms without a license and can raise this acquittal as a bar to the present forfeiture action involving the 89 firearms, since a jury has already found that these 89 firearms were not being used by Mulcahey in the business of dealing in firearms without a license.

The government argues that the present action is controlled by *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), in which the court held that forfeiture of the ring and stones was not barred by the owner's acquittal on charges of violating 18 U.S.C. § 545 which covers willfully and knowingly, with intent to defraud the United States, smuggling articles into the United States without submitting the same to required customs procedures. The court found that the second action was not barred because the essential elements of proof in the two actions were not the same. In the criminal action it was necessary to prove a knowing and willful intent to defraud the United States, which was not required in the forfeiture. The court was careful to point out that if the elements of proof were the same then the government would be barred. At page 234, 93 S.Ct. at page 491 the court stated:

> Collateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the government. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

In Mulcahey's criminal proceeding the elements of the present forfeiture were all resolved against the government, so the present action is barred by collateral estoppel.

*One Lot Emerald Cut Stones* did not overrule *Coffey*. The court in *One Lot Emerald Cut Stones*, at footnote 5 distinguished the two cases as follows:

> The difference in the issues involved in the criminal proceeding, on the one hand, and the forfeiture action, on the other, serves to distinguish *Coffey v. United States*, 116 U.S. 436 [6 S.Ct. 437, 29 L.Ed. 684] (1886), relied upon by the District Court in the present case. *Coffey* involved a forfeiture action commenced after an acquittal. This Court noted, in holding the forfeiture barred, that "[t]he information [for forfeiture] is founded on §§ 3257, 3450 and 3453; and there is no question, on the averments in the answer,

that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit." *Id.*, at 442, 6 S.Ct., at 440. The Court specifically distinguished the situation where "a certain intent must be proved to support the indictment, which need not be proved to support the civil action." *Id.*, at 443, 6 S.Ct., at 440. See also *Stone v. United States*, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127 (1897).

The present case is not controlled by *One Lot Emerald Cut Stones*. The stones which were the subject of the forfeiture in that case became contraband and subject to seizure once they came into the United States without payment of the required duty. The criminal action for alleged smuggling of these stones proved only that the holder of the stones did not knowingly with the intent to defraud the United States smuggle the articles into the country. Intent to defraud was not an issue in the later forfeiture proceeding and did not need to be proved, because the stones were admittedly in the United States without being subjected to required customs proceedings and as a result were contraband, subject to seizure. Firearms are not contraband and are not subject to seizure unless they are used or intended to be used in violation of the Gun Control Act. This issue of whether the firearms were used or intended to be used in violation of the Act was tried in No. 77–00013 and conclusively decided. The government now wishes to relitigate the same issue hoping for a different result.

■ To support a conviction under 18 U.S.C. § 922(a) the government must prove two essential elements: First, that the defendant, between the dates specified in the indictment, engaged in the business of dealing in firearms (or ammunition); and second, that at the time he engaged in that business he was not a licensed importer, licensed manufacturer, or licensed dealer in firearms. 2 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 59.10.

The same two essential elements must be proved in the forfeiture action. The same firearms that were introduced into evidence in the criminal action are the subject of the forfeiture action. The United States had its day in court on these identical issues in the criminal proceeding and is collaterally estopped by the verdict in that case from pursuing the matter in this forfeiture action.

Title 18, U.S.C. § 924(d) states:

Any firearm or ammunition *involved in or used or intended to be used* in the violation of any of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture .... (Emphasis added)

The criminal verdict conclusively decided that the firearms in question were not "involved in or used or intended to be used in the violations of any provision of this chapter."

The government, in addition to *One Lot Emerald Cut Stones*, relies upon *Glup v. United States*, 523 F.2d 557 (8th Cir. 1975), *Epps v. Bureau of Alcohol, Tobacco, and Firearms*, 357 F.Supp. 345 (E.D.Tenn.1973) and *United States v. One (1) 1969 Buick Riveria Automobile*, 493 F.2d 553 (5th Cir. 1974). This reliance is misplaced. In *Glup* the firearms were seized on June 8, 1970 and declared forfeited on August 11, 1970, because Glup had taken no action to contest the seizure and forfeiture. Two years later Glup was indicted on three counts charging violation of 18 U.S.C. § 922(a) and three counts charging him with violation of 18 U.S.C.App. § 1202. The forfeited firearms were used in evidence at the trial on these charges, but none of the six counts involved firearms included in the June 8, 1977 seizure. Glup was acquitted on all six counts by a jury. In *Glup* the forfeiture preceded the criminal acquittal, and the charges contained in the indictment did not involve the firearms which had been declared forfeited.

In *Epps* the plaintiff was seeking return of certain firearms and ammunition which had been seized and used against him in a criminal proceeding based upon 18 U.S.C. § 922(a), but the court did not mention the United States Supreme Court decision of *Coffey v. U.S.*, which was still good law as evidenced by footnote 5 in *One Lot Emerald Cut Stones*, a case decided in 1972, the year prior to the *Epps* decision.

In *One (1) 1969 Buick Riveria Automobile*, the individual was charged with importing marijuana, but the criminal charges were dismissed prior to trial, and the Fifth Circuit was careful to point out that no issue had been actually litigated by the dismissal of the prior criminal charge and, therefore, *Coffey* did not apply.

The government argues that this forfeiture is a civil proceeding and as such is not barred by the jury verdict in the criminal case. The present forfeiture is criminal in nature and the prior jury verdict is a bar to the present proceeding.

In *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1885) (decided in the same term as *Coffey*) the court concluded:

We are also clearly of the opinion that proceedings instituted for the purpose of declaring a forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal. Pages 633, 634, 6 S.Ct. pages 533, 534.

The present forfeiture is for offenses allegedly committed by Mulcahey, who has been found innocent of these charges.

The forfeiture provision set forth in § 924(d) is a part of the "Penalties" section of the law. Everything in § 924 provides a penalty, be it fine, prison or forfeiture, for the violation of a provision of the Gun Control Act. The forfeiture provision is merely a way of disposing of the firearms which have been used in violation of the Act, after there is a conviction of such violation. Forfeiture is a penalty suffered by a defendant in addition to a fine and/or imprisonment. If Mulcahey had been convicted, he could have been fined and/or imprisoned and would have lost all of his firearms under § 924(d). But he was acquitted on the charge of being a gun dealer

without a license. However, the government still wishes to invoke the penalty of § 924(d). Mulcahey would thereby be subject to the same penalty of losing his property for an activity for which he had been found not guilty.

*Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) is not controlling. It involved assessment of a penalty for tax fraud after acquittal of a charge of willful evasion. The court held, at 399, 58 S.Ct. at 633, that the question was one of statutory construction, that is whether Congress intended to punish criminals twice for the same offense. The court went on to find that the civil fraud penalty was remedial in character and was ". . . provided primarily as a safeguard for protection of the revenue and to reimburse the Government for the heavy expense of investigation and loss resulting from the taxpayer's fraud." *Id.* at 401, 58 S.Ct. at 634.

There is nothing remedial about forfeiture under § 924(d). The firearms do not go into the public treasury to offset the expense of operating the ATF. These firearms are destroyed.

*Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943) involved a claim of defrauding the United States through a device of collusive bidding on P.W.A. projects in the Pittsburg area. The defendants were indicted for defrauding the government and upon a plea of nolo contendere were fined $54,000. Thereafter the present action was brought under a qui tam statute which allowed a suit to be brought by an informer in the name of the United States. The informer would receive half of the amount of the recovery, which recovery could include double the amount of damages sustained and the sum of $2,000 for each violation. *Marcus* is not applicable because the defendant pled guilty and was not acquitted. Also, the $2,000 added to the double damages is simply a way of establishing damages in a civil action, similar to treble damages under the antitrust law, and does not represent a second fine.

*Rex Trailer Co. v. United States,* 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1955) also involved a defendant who had pled nolo contendere to a five count indictment of fraudulently purchasing motor vehicles from the United States under the Surplus Property Act of 1944. He was fined $25,000 in criminal court and objected on the grounds of double jeopardy to a civil penalty under the Act which provided that every person engaged in any fraudulent trick or scheme to obtain property from the United States should pay the United States the sum of $2,000 for each act and double the amount of any damage to the United States. Section 26 of the Surplus Property Act, 58 Stat. 765, 780, 50 U.S.C.App. (1946 ed.) § 1635(d) provided: "The civil remedies provided in this section shall be in addition to all other criminal penalties and civil remedies provided by law."

Obviously Congress intended for there to be a criminal and a civil remedy for violating the Surplus Property Act. There is no such intent evidenced by Congress for a violation of the Gun Control Act. The forfeiture provision is contained in the same section with the criminal penalties.

There are no civil remedies contained in § 924, or anywhere else in the Gun Control Act.

For the reasons set forth above, the court concludes that the acquittal in the prior criminal action involving the identical facts and essential elements is a bar to the present forfeiture proceeding. Therefore, the judgment of the district court is

REVERSED.

HARRISON L. WINTER, Chief Judge, with whom BUTZNER, DONALD RUSSELL and MURNAGHAN, Circuit Judges, join, dissenting:

We respectfully dissent for the reasons set forth in the dissent to the panel opinion, *United States v. One Assortment of 89 Firearms,* 669 F.2d 206, 210–13 (4 Cir. 1982), and the additional reasons which follow.

In oral argument before us, counsel for Mulcahey conceded that he asserted entrapment as a defense in his trial for violation of 18 U.S.C. § 922(a)(1), and that defense

was submitted to the jury. Of course, in returning a verdict of not guilty, the jury did not specify the grounds of acquittal, but it is as equally possible that the jury found that Mulcahey was engaged in the business of dealing in firearms without a license, but had been entrapped into committing an illegal sale, as found that Mulcahey was not so engaged. Thus in our view, the majority errs when it confidently asserts that the jury verdict in the criminal action conclusively settled the issue that Mulcahey was not engaged in the business of dealing in firearms without a license.

But irrespective of the factual issue of Mulcahey's guilt or innocence, we remain convinced that the forfeiture provisions of 18 U.S.C. § 924(d) are civil in nature so that *any* determination in the criminal prosecution is irrelevant to a decision of forfeiture. Our conclusion is reinforced by the language of that subsection. It states disjunctively that "[a]ny firearm involved in or used or *intended to be used* in, any violation of this chapter ... shall be subject to seizure and forfeiture ..." (emphasis added). *Id.* Nothing in the provision of § 922 under which Mulcahey was prosecuted renders an *intention* to engage in the business of dealing in firearms without a license illegal.* Only the completed act of engaging in the prohibited business is rendered unlawful. It is at once apparent that the forfeiture provisions of the Act were intended by Congress to be broader in scope than the criminal sanctions. This is persuasive evidence that Congress did not intend forfeitures to be an additional penalty for the commission of a criminal act but rather that they be a separate civil sanction, remedial in nature,

We would affirm the judgment of the district court.

---

* While the majority asserts that the "issue of whether the firearms were used or *intended to be used* in violation of the Act was tried ... and conclusively decided" (emphasis added) in the earlier criminal case, the emphasized portion of that statement lacks record support. Mulcahey was indicted and acquitted for a violation of 18 U.S.C. § 922(a)(1) which provides:

(a) It shall be unlawful—
(1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer,

to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce.

Manifestly the question of whether Mulcahey intended to use the firearms he possessed in violation of the statute was neither an issue nor was it decided in his criminal trial.