**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ONE 1975 FORD F100 PICKUP TRUCK SN F10YUV83579, Defendant-Appellant.**

No. 77–1605
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James S. Bates, Edinburg, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., Arthur Amdur, William L. Bowers, Jr., Asst. U. S. Attys., Houston Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Claimant Hector Guerra Barrera appeals from a summary judgment forfeiting his 1975 Ford pickup truck because of its use to facilitate the transportation of cocaine in violation of 49 U.S.C. § 781.[1] We affirm.

On September 1, 1975, Guerra and a passenger, Samuel Remy Guitierrez Remy, arrived at the port of entry in Roma, Texas, in the pickup. The two men made negative declarations to the United States customs inspector, who nonetheless referred them to an inspection area because of their apparent nervousness and because Guerra was suspected of drug trafficking. A search of Remy revealed a small bottle of cocaine hidden in one of his socks.[2] Guerra and Remy were informed of their constitutional rights, and the pickup was seized.

In order to secure a forfeiture under 49 U.S.C. § 782 and 19 U.S.C. § 1595a,[3] the Government must prove that the evidence establishes probable cause to believe that the vehicle was used to facilitate the transportation, concealment, or possession of the prohibited substance. *United States v. One 1969 Buick*, 493 F.2d 553 (5th Cir. 1974). The probable cause necessary here is a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion. *United States v. One 1971 Chevrolet Corvette*, 496 F.2d 210 (5th Cir. 1974); *Bush v. United States*, 389 F.2d 485 (5th Cir. 1968). If the Government meets this burden, forfeiture is proper unless the owner, other than a common carrier, demonstrates by a preponderance of the evidence that the violation was committed by a person who acquired possession of the vehicle in violation of the criminal laws of the United States. *Associates Investment Co. v. United States*, 220 F.2d 885 (5th Cir. 1955). The claimant has not shouldered this burden.

Claimant contends, however, that the vehicle should not be subject to forfeiture because he did not know his passenger was carrying contraband. He claims that his innocence precludes application of the forfeiture statute, citing *United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) for the proposition that forfeiture statutes are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise. Claimant's reliance on *Coin & Currency* is misplaced, for that case was concerned only with the issue of whether a forfeiture was sufficiently punitive in

1. "It shall be unlawful . . . to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article."

2. The bottle contained about two grams of a white powder, which field-tested as cocaine.

3. 49 U.S.C. § 782: "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited . . . ."

19 U.S.C. § 1595a: "Except as specified in the proviso to section 1594 of this title, every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law . . . shall be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

nature to allow invocation of the fifth amendment privilege against self-incrimination. *See United States v. One 1969 Buick, supra*, at 555 n.2. Moreover, in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Court made clear that *Coin & Currency* did not overrule, *sub silentio*, prior cases upholding the application of forfeiture statutes to innocents.[4] This Court has held that good faith or innocence on the part of an owner of property subject to forfeiture is immaterial in a seizure under the narcotics statutes. *United States v. One 1957 Oldsmobile*, 256 F.2d 931 (5th Cir. 1958). *See also United States v. One 1969 Buick, supra; United States v. One 1973 Pontiac Grand Am*, 413 F.Supp. 163 (W.D. Tex.1976).

The Government sustained its burden of showing the necessary nexus between the pickup truck and the illegal transportation of the cocaine, and claimant's alleged innocence is no defense. The unopposed affidavits accompanying the Government's motion for summary judgment were sufficient to demonstrate that there was no genuine issue as to any material fact and the moving party was entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Sitton v. United States*, 413 F.2d 1386 (5th Cir. 1969), *cert. denied*, 397 U.S. 988, 90 S.Ct. 1118, 25 L.Ed.2d 395 (1970).

The decree of forfeiture is AFFIRMED.

---

4. The claimant in *Calero-Toledo* was a lessor of a yacht who was unaware that his lessee was about to use it to transport marihuana. Nonetheless, the Court declared the yacht properly seized and forfeited, The Court noted that forfeiture may be "unduly oppressive" in some circumstances, such as when an owner "proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." 416 U.S. at 689, 94 S.Ct. at 2094. That, however, is not the instant case.