**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**ONE 1972 44′ STRIKER, BONANZA, Registration Number FL0143DA, together with its electronic communications and navigational equipment, Defendant-Appellant.**

No. 84–3250
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 18, 1985.

8. *See supra* note 6.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

After receiving a tip from an informant, two United States customs agents went to a marina in Punta Gorda, Florida, to check on the vessel "Bonanza." Unable to see the name of the vessel by standing on the dock, the officers boarded a vessel and went to its stern to observe its name. Noting that the vessel was the Bonanza, the officers noted several marijuana seeds on the deck and at other places on the vessel. The officers left the vessel to try and determine its ownership. The next day, the two agents who had made the first observations returned with four other agents and searched the "Bonanza." They found marijuana below the deck. This forfeiture action is the result of the finding of the marijuana aboard the vessel. The district court ruled that the customs agents had reasonable grounds to believe the "Bonanza" was involved in the importation of marijuana; therefore, probable cause existed to institute this forfeiture action. The district court ordered the "Bonanza" forfeited to the United States. The vessel, "Bonanza," takes this appeal.

"Bonanza" contends that the boarding was illegal, therefore, the evidence obtained should be suppressed; and consequently, the probable cause necessary for the institution of this forfeiture action is unavailable.

In order for the government to successfully prosecute a forfeiture action under 49 U.S.C. § 782 and 19 U.S.C. § 1595(a), it must prove that the evidence establishes probable cause that the vessel was used to facilitate the transportation, concealment, or possession of a prohibited substance. *United States v. One 1975 Ford Pickup Truck*, 558 F.2d 755, 756 (5th Cir.1977). The evidence must show more than mere suspicion. The government must show a reasonable ground for belief of guilt supported by prima facie proof. The proof presented must not be tainted. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). "Bonanza," realizing that *United States v. Villamonte-Marquez*, 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), holds that pursuant to 19 U.S.C. § 1581(a), customs officers may board any vessel at any place in the United States without suspicion in order to do a document or safety check when the vessel is located in waters offering ready access to the open sea, seeks to distinguish the case. "Bonanza" argued that because it was moored at a private marina, it does not fall under the *Villamonte-Marquez* holding. This attempt to distinguish *Villamonte-Marquez* fails. No such limitation is found in *Villamonte-Marquez;* the mooring to a private dock is not important; it is access to the open sea that is determinative.

Sufficient probable cause existed in this case. Seeds and marijuana vegetation were found on the deck of the vessel; more marijuana was found below the deck. In addition, the officers found a listing of radio frequencies marked "DEA," nautical charts of the Carribean, interchangeable name plates to be placed on the stern of the vessel, scales, and foreign currency. Tak-

ing all of these circumstances into account, the district court properly found probable cause for the government to institute this forfeiture action, and properly found the evidence sufficient to order forfeiture of the vessel to the United States.

We have reviewed "Bonanza's" allegation that the district court abused its discretion in allowing the government to reopen its case, and find the contention to be without merit. Reopening of a direct case at trial is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). No abuse of discretion is apparent in this case.

Accordingly, the district court is affirmed.

**AFFIRMED.**