**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY AND RESIDENCE AT 3097 S.W. 111TH AVENUE, MIAMI, FLORIDA, With all Appurtenances thereto and all Improvements Thereon, Defendant.**

No. 87–1889–Civ.

United States District Court,
S.D. Florida.

Nov. 15, 1988.

Carole Fernandez, Asst. U.S. Atty., S.D. Fla., for plaintiff.

Stephen J. Bronis, Miami, Fla., for defendant.

MEMORANDUM OPINION
AND ORDER

HASTINGS, District Judge.

THIS CAUSE came before the Court for trial on Thursday, November 3, 1988. This is a civil forfeiture action against a house located in Dade County, Florida and brought pursuant to 21 U.S.C. § 881. After careful consideration of the record and presiding over the evidentiary trial of this matter, this Court granted Plaintiff's motion for involuntary dismissal of the Claim-

ant's claim. The following findings of fact and conclusions of law are hereby entered pursuant to Rule 52(a), Fed.R.Civ.P.

## FINDINGS OF FACT

1. On April 2, 1987, the Metro–Dade Police Department received information from a confidential informant which led to an investigation of a suspected drug organization allegedly headed by Raul Z. Plasencia (hereinafter referred to as "Plasencia").

2. As part of the investigation, authorized wiretaps were placed on Plasencia's home telephone and the home telephone of Carlos Veccio a/k/a Carlos Manuel Gonzalez (hereinafter referred to as "Veccio" or "Claimant").

3. On September 7, 1988, Plasencia telephoned Veccio's workplace and asked Veccio's sister for Veccio's home telephone number, which she provided. Plasencia called Veccio at his home. The testimony at trial supports the conclusion that neither discussed any drug transactions during that conversation.

4. On September 8, 1988, several telephone conversations were taped. One in particular, occurred at 5:25 p.m., when Veccio had a telephone conversation with a person called "John Doe" or "El Chino". (Government Exhibit 3.) The parties discussed a meeting place for that night when a drug transaction was to take place. Veccio insisted that the meeting take place at his house.

5. On September 8, 1987, the police set up a close surveillance of Veccio. Veccio drove from his place of business to his home which was located at 3097 S.W. 111th Avenue in Miami, Florida. He met with Anselmo Cosio and Jesus Garcia, both of whom were later co-defendants in the criminal case. Cosio and Garcia were in separate vehicles. Veccio and Cosio parked in the driveway of the Defendant property and got out of their vehicles. Garcia then parked and removed a package from his car. The package was placed in the back of Cosio's car. Cosio then drove away and was followed by police who stopped him.

Upon searching Cosio's car, the police found ten packages of cocaine.

6. Detective Andres Falcon testified at the trial before this Court that taped conversations established that the purchase money for the above-described cocaine transaction had been delivered to Veccio's home.

7. On April 20, 1988, Veccio was convicted on all counts for which he was indicted relating to this cocaine sale, case number 87–699–Cr–Kehoe, styled *United States v. Raul Z. Plasencia, et al.* The convictions included a count which charged that Veccio knowingly and intentionally possessed with intent to distribute a quantity of cocaine on September 8, 1987.

8. On October 13, 1987, the Government filed a complaint seeking the civil forfeiture of Veccio's home. Claims to the property were filed by Veccio who was the legal titleholder of the property, and Ibrahim and Lordes Alvarez, the mortgage holders.

9. All parties agreed to an interlocutory sale of the property and on March 29, 1988, this Court entered an order approving the sale. The claim of Ibrahim and Lordes Alvarez was paid and the remaining proceeds of the sale are in the custody of the United States Marshal.

10. This Court has taken judicial notice of the entire case file in aforementioned criminal case.

11. On June 6, 1988, this Court granted a motion for summary judgment in favor of the United States of America. This Court found that the government has established probable cause that "a substantial connection [existed] between the property to be forfeited and an illegal exchange of a controlled substance." Order Granting Summary Judgment, June 6, 1988, citing *United ed States of America v. A Single Family Residence Located at 900 Rio Vista Blvd., Ft. Lauderdale,* 803 F.2d 625, 628 (11th Cir.1986). Therefore, the burden shifted to the Claimant Veccio to prove that the property was not used to facilitate a narcotics transaction on September 8, 1987 and that the property was not substantially connected to criminal drug activity.

12. On June 15, 1988, Claimant filed a motion for rehearing and reconsideration of this Court's Order granting summary judgment. Claimant contended that although he was convicted for the crime which led to the civil forfeiture action, he could still meet his burden of proof if given the opportunity at trial. Based upon the Claimant's representations, this Court granted reconsideration and entered an order vacating its previous order granting summary judgment, but retained its ruling that probable cause existed.

13. At the trial of this cause, the United States of America moved this Court to set aside its ruling that probable cause existed, so that the government could present evidence on this issue. This Court granted the request.

## CONCLUSIONS OF LAW

1. Claimant Veccio's standing in this matter is not contested.

2. This action is properly before this Court pursuant to Title 21 U.S.C. § 881(a)(7) which subjects the Defendant property to forfeiture if it was used to commit or facilitate the commission of a violation of a Title 21 drug offense.

3. Veccio violated 21 U.S.C. § 841(a)(1) on September 8, 1987 by knowingly and intentionally possessing with intent to distribute a quantity of cocaine.

4. To support a forfeiture under § 881(a)(7), the government must demonstrate the existence of probable cause that there is a substantial connection between the property to be forfeited and the relevant criminal activity. *United States of America v. A Single Family Residence Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 628 (11th Cir.1986); and *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424, 1426 (11th Cir.1983).

5. Probable cause existed as evidenced by the following: the information provided to the police by an informant that a drug transaction was to occur at Defend-

ant property on September 8, 1987; the conversations intercepted by the authorized wiretaps which demonstrate that Veccio insisted that the drug sale take place at the property in dispute; that the money from that cocaine sale was to be kept at the Defendant property; the surveillance on September 8, 1987 where the police observed a meeting and the passing of a package; and the stop and search of Cosio's car which revealed approximately ten kilograms of cocaine.

6. Once the government establishes probable cause, the burden shifts to the Claimant. The Claimant must prove by a preponderance of the evidence that (1) the Defendant property was not used to facilitate a narcotics transaction and (2) the Defendant property was not substantially connected to criminal drug activity. *United States v. A Single Family Residence*, 803 F.2d 625, 629 (11th Cir.1986); *United States v. $4,255,625.39*, 762 F.2d 895 (11th Cir.1985); and *United States v. One 1975 Ford F100 Pickup Truck*, 558 F.2d 755, 756 (5th Cir.1977).[1]

7. 21 U.S.C. § 881(a)(7) reads as follows:

All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, *which is used or intended to be used, in any manner or part*, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner. (Emphasis added.)

8. Upon the conclusion of Claimant's case, this Court granted the Government's motion for involuntary dismissal of Vec-

---

1. Decisions of the Former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v.*

*City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

cio's claim pursuant to Rule 41(b) Fed.R. Civ.P.[2]

9. The evidence supports the finding that the private driveway where the drug transaction occurred is a part of the Defendant property.

■ 10. In addition, there must have been a "direct or substantial connection" between the property and the underlying illegal activity to subject the Defendant property to forfeiture. *United States v. $364,960 in United States Currency*, 661 F.2d 319 (Former 5th Cir.1981); *United States v. $4,255,625.39*, 551 F.Supp. 314, 323 (S.D.Fla.1982), *aff'd*, 762 F.2d 895 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). Claimant contends that one illegal drug transaction in a driveway is not enough to meet this test. This Court disagrees. Evidence was shown at trial that Veccio was either planning to or did store the drug proceeds at the Defendant property. Furthermore, Veccio specifically requested that the unlawful exchange take place at his home.

11. In *United States v. 26.075 Acres*, etc., 687 F.Supp. 1005 (E.D.N.C.1988), the Government brought a civil action for forfeiture of approximately 26 acres of real property pursuant to 21 U.S.C. § 881(a)(7). The Claimant argued that the Defendant real property was divided into two tracts of land "which are close in proximity but geographically are separate and distinct." *26.075 Acres*, 687 F.Supp. at 1007. The personal residence was called "Section A" and the remaining lot was identified as "Section B." The drug transaction which led to the forfeiture action occurred on Section B. The court found that although the illegal act took place on second section of the property, all of the lots, including the residence, was subject to forfeiture.

Based on the plain language of § 881(a)(7), reasonable persons should recognize that if they make real property available as a situs for an illegal drug transaction, it is forfeitable. Just as the owner of an automobile should know that using his automobile as a place for conducting negotiations, transacting a drug sale, or transporting contraband will subject his automobile to forfeiture, (citation omitted) claimant should similarly know that making available or intending to make available her real property as a situs for an illegal drug transaction will render her real property, *in its entirety*, subject to forfeiture.

*26.075 Acres*, 687 F.Supp. at 1014 (emphasis added).

So too here, Veccio's conduct of engaging in an illegal drug transaction in his driveway subjects the entire property to forfeiture.

12. Based upon the foregoing findings of fact and conclusions of law, it is

ORDERED that the Defendant property is forfeited to the custody and control of the Plaintiff, United States of America. As the property was sold in an interlocutory sale, the proceeds of that sale which are in the custody and control of the United States Marshal shall be awarded to the Plaintiff. However, Claimant has moved for a stay of execution of final judgment of forfeiture and such motion is GRANTED. The execution upon the Final Judgment of Forfeiture is STAYED pending appeal. Claimant, Carlos Veccio, may appeal said Final Judgment without the necessity of posting a supersedeas bond in this matter.

DONE AND ORDERED.

---

**2.** In this case, the burden of proof shifted to the Claimant to prove that the was no substantial connection between the Defendant property and criminal activity. Therefore, at the close of Claimant case-in-chief, the Plaintiff moved for an involuntary dismissal of Claimant's case pursuant to Fed.R.Civ.P. 41(b) which reads:

Involuntary Dismissal: Effect Thereof.... After the [claimant] in any action tried by the court without a jury, has completed the presentation of evidence, the [plaintiff] without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the [claimant] has shown no right to relief.... If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).