**UNITED STATES of America, Plaintiff,**

v.

**$95,945.18, UNITED STATES CURRENCY, Defendant.**

**No. C–C–88–444–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 11, 1989.

Thomas J. Ashcraft, U.S. Atty., Charlotte, N.C., for plaintiff.

George V. Laughrun, II, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the United States of America's Motion for Summary Judgment, filed August 9, 1989. On August 17, 1989, Claimant Carlton Lee Baxter (hereafter "Claimant") filed a Response to the United States of America's Motion for Summary Judgment.

The United States of America (hereafter "Plaintiff" or "the Government") brought this in rem forfeiture action pursuant to section 881 of Title 21 of the United States Code.[1] The Government seeks forfeiture of $95,945.18 in United States Currency (hereafter "Defendant currency" or "Defendant") as a result of an alleged interception of an attempted drug transaction in Charlotte, North Carolina.

The Court's standard for considering motions for summary judgment is clear. Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see* F.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but *the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial*") (emphasis added). When considering motions for summary judgment, courts must view facts and inferences from the facts in the light most favorable to the party opposing the motion for summary judgment. *Matsushita,* 475 U.S. at 587–88, 106 S.Ct. at 1356–57; *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

In a forfeiture action brought by the Government pursuant to section 881, the Government ordinarily has the burden to establish probable cause for a belief that a substantial connection exists between the property sought to be forfeited and the exchange of a controlled substance, which is criminal activity defined and proscribed by statute. *Boas v. Smith,* 786 F.2d 605, 609 (4th Cir.1986); *United States v. Four Million, Two Hundred Fifty-five Thousand,* 762 F.2d 895, 903 (11th Cir.1985),

---

1. Section 881(a) of Title 21 of the United State Code provides in pertinent part:
   The following shall be subject to forfeiture to the United States and no property right shall exist in them: ...
   (6) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of this subchapter.

   21 U.S.C.A. § 881(a) (West 1981).

cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); see United States v. United States Currency $31,828, 760 F.2d 228, 230 (8th Cir.1985) (stating that plaintiff's initial burden is to show probable cause to believe that property sought to be forfeited is "linked to illegal activity"). In the context of forfeitures, courts have interpreted the term "probable cause" to mean a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." United States v. $364,960.00, 661 F.2d 319, 323 (5th Cir. Unit B 1981); see Four Million, Two Hundred Fifty-five Thousand, 762 F.2d at 903 (quoting United States v. $364,960.00, 661 F.2d 319 (5th Cir. Unit B 1981); United States v. One 1978 Chevrolet Impala, 614 F.2d 983, 984 (5th Cir.1980) (same)). Courts have recognized that once the plaintiff in a forfeiture action meets its burden of establishing probable cause, the burden of proof shifts to the claimants to establish, by a preponderance of the evidence, that the property was not used in violation of the law or was not intended to be used unlawfully. Boas, 786 F.2d at 609; United States v. One 1975 Ford Pickup Truck, 558 F.2d 755, 756 (5th Cir.1977).

The Court carefully has reviewed the entire case file and has viewed the facts and the inferences from the facts in the light most favorable to Claimant. The Court believes that no genuine issue of material fact exists for trial and that the Government is entitled to judgment as a matter of law. The Court is of the opinion that the evidence from the entire record now before this Court could not lead a rational fact-finder to find for Claimant in this forfeiture action. The Court concludes, therefore, that the entry of summary judgment in favor of Plaintiff is appropriate and that Plaintiff's Motion for Summary Judgment should be granted.

■ First, the Court finds that no genuine issue of material fact exists regarding whether probable cause exists to believe that a substantial connection exists between the Defendant currency and the exchange of a controlled substance. The Court shall summarize the evidence before

this Court supporting a finding that no genuine issue of material fact exists regarding probable cause. Officer Calvin Kearney (hereafter "Kearney"), an undercover officer with the Charlotte Police Department, learned from a reliable confidential informant that Mr. Andre King (hereafter "King") was going to meet a Mr. Andrea Jackson (hereafter "Jackson") on the evening of April 27, 1988, and exchange six kilograms of cocaine for $100,000 in a parking lot behind a particular hotel in Charlotte, North Carolina. The Charlotte Police Department established surveillance of the location for the drug transaction. King drove into the parking lot, drove to a dark blue automobile occupied by two black males, engaged in a brief conversation with the occupants of the other automobile, and then drove away.

Kearney shortly thereafter drove up to the dark blue automobile, engaged in a brief conversation with one of the occupants of the automobile whom Kearney recognized to be Jackson. Using language with which Kearney was familiar in his experience as an undercover narcotics officer, Kearney and Jackson then negotiated a drug transaction. Kearney agreed to sell Jackson six kilograms of cocaine for $107,-000.00.

After negotiating the drug transaction, Jackson went to his vehicle, which Jackson had parked nearby and in which Claimant was sitting. Claimant handed Jackson a bag, which contained the Defendant currency, and Jackson subsequently climbed into Kearney's automobile and delivered the bag to Kearney. The Charlotte Police Department then arrested both Jackson and Claimant. In his affidavit submitted to support Plaintiff's Motion for Summary Judgment, Kearney stated that:

> As an experienced narcotics investigator, there is no question in my mind that Andrea Jackson and Carlton Lee Baxter expected and intended to exchange the $95,945.18 for six kilograms of cocaine, and there is no question in my mind that Andrea Renee Jackson and Carlton Lee Baxter thought I was the delivery person who was suppose (sic) to deliver the six

kilograms of cocaine they had arranged with Andre King.

Although Claimant generally has denied the allegations contained in the Verified Complaint regarding the interception of the drug transaction and contends that whether Claimant participated in illegal activities and whether Claimant used the funds in a drug-related activity is a question of fact for the jury, the record before this Court establishes that no genuine issue of material fact exists regarding a finding of probable cause. Claimant has failed to come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. The Court believes that taken in the light most favorable to Claimant, the evidence establishes probable cause to believe that Jackson and Claimant anticipated the delivery of cocaine, that Jackson believed that he had negotiated a drug transaction with a delivery person, and that Jackson and Claimant intended to purchase the cocaine using the Defendant currency located in the bag delivered to Kearney. The Court believes, thus, that no genuine issue exists regarding whether a substantial connection exists between the Defendant currency and the exchange of a controlled substance.

■ If this matter proceeded to trial, the burden of proof now would shift to Claimant to establish, by a preponderance of the evidence, that he is the legitimate owner of the property sought to be forfeited and that the property was not used in violation of the law or was not intended to be used unlawfully. *See Boas*, 786 F.2d at 609; *One 1975 Ford Pickup Truck*, 558 F.2d at 756. Because this matter is before the Court on a motion for summary judgment, however, the burden remains on the Government, as the moving party, to establish that no genuine issue of material fact exists regarding these issues.

The Court, first, must consider whether the Claimant is the legitimate owner of the Defendant currency. Having reviewed all of the evidence before the Court, the Court believes that no genuine issue of material fact exists.

The Court finds from the evidence produced by Claimant during discovery that Claimant never has had legitimate earnings to allow him to save from his previous earnings an amount approximating the Defendant currency. Claimant's employment history, provided by Claimant, establishes that Claimant has held only one job position, as a clerk earning $200 per week. Claimant filed tax returns with the Internal Revenue Service for the years 1983 through 1985 and claimed that his Adjusted Gross Income was $2,058 in 1983, $8,724 in 1984, and $6,952 in 1985. Claimant failed to file tax returns for 1986 and 1987 because he was receiving workman's compensation disability for those two years.

As for other possible legitimate sources of the Defendant currency, Claimant contends that he received four loans from four separate individuals in the amounts of $30,000, $15,000, $12,000 and $8,000. Claimant has failed to provide the Government during discovery or the Court in response to the Government's Motion for Summary Judgment with any sworn affidavits from the "lenders" or any documentary evidence to support these contentions. Claimant merely has provided the Court with unsworn statements from three individuals who acknowledge having loaned to Claimant the previously listed amounts of money. Moreover, none of the persons acknowledging the loans to Claimant have filed any claims for the Defendant currency despite being served with copies of the Verified Complaint.

Further, Claimant contends that a source of $25,000 of the Defendant currency is the proceeds of a workman's compensation case. Claimant has failed to produce any documents to support this contention either during the pendency of the Government's Motion for Summary Judgment or during discovery despite requests for production of documents from the Government.

Finally, Claimant contends that two days before his arrest, Claimant removed approximately $17,000 from his father's apartment without his father's knowledge. Claimant has provided a sworn statement of his father to support this contention.

Claimant's father, however, has failed to file a claim for the money despite being served with a copy of the Verified Complaint.

The Court is of the opinion that the Government has satisfied its burden of showing that no genuine issue of material fact exists. Claimant, however, has failed to present the Court with specific facts to support his claims and to show that a genuine issue for trial exists in reference to whether Claimant is the legitimate owner of the Defendant currency. Taking all of the evidence before the Court in a light most favorable to Claimant, the Court finds that no genuine issue of material fact exists regarding whether Claimant is the legitimate owner of the Defendant currency.

Although Claimant might contend that he has made a sufficient factual showing regarding the approximately $17,000 belonging to his father, that contention is without merit. Claimant's father, and not Claimant, appears to be the legitimate owner of that money. Claimant took that money from his father without his father's knowledge.

Even if Claimant could show that he was the legitimate owner of the Defendant currency, the Court believes that no genuine issue of material fact exists regarding whether the Defendant currency was used in violation of the law or was intended to be used unlawfully. The Court believes that the evidence from the entire record now before this Court, taken in the light most favorable to Claimant, could not lead a rational fact-finder to find for Claimant in this forfeiture action. The Court believes, instead, that the evidence before the Court clearly would lead any rational fact-finder to conclude that the Defendant currency was intended to be used to purchase cocaine. Jackson negotiated a drug transaction with Kearney, who led Jackson to believe that he was delivering six kilograms of cocaine. Claimant provided Jackson with the Defendant currency and Jackson then delivered the Defendant currency to Kearney in the hope of receiving six kilograms of cocaine in return. It appears that no innocent explanation to Claimant's

handing over of $95,548.18 in United States currency in small denominations exists. Claimant has failed to produce any evidence to support a contrary conclusion, but rests merely on a general denial and a contention that whether the Defendant currency was used in an illegal activity or whether Claimant used the Defendant currency to facilitate a drug transaction are questions of fact that a jury must determine. The Court, therefore, concludes that the Government is entitled to summary judgment in its favor on these issues.

Having viewed the evidence in the light most favorable to Claimant, the Court believes that no genuine issue of material fact exists for trial and that summary judgment in Plaintiff's favor is appropriate. The Court believes that no genuine issue of material facts exists regarding (1) whether probable cause exists to believe that a substantial connection exists between the Defendant currency and the exchange of a controlled substance; (2) whether Claimant is the legitimate owner of the Defendant currency; and (3) whether the Defendant currency was used in violation of the law or was intended to be used unlawfully. The Court, consequently, will grant Plaintiff's Motion for Summary Judgment and will file simultaneously with this Order a Judgment in favor of the United States.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is hereby *GRANTED.*

## JUDGMENT

THIS MATTER is before the Court on the United States of America's Motion for Summary Judgment, filed August 9, 1989. In accordance with an Order filed simultaneously with this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED that (1) Defendant $95,945.18, United States Currency and all rights, title, and interests in or to such Defendant are hereby *FORFEITED* to the United States of America, and no other right, title, or interest shall exist in such Defendant currency; and (2) the United States Marshall is hereby directed to *DEPOSIT* the forfeited Defendant currency into the United

States Marshals Service Asset Forfeiture Fund, as provided by law.

The United States of America and Claimant Carlton Lee Baxter shall each pay its and his own costs.