**UNITED STATES of America, Plaintiff,**

v.

**863 IRANIAN CARPETS, Defendant.**

**No. 96–CV–1488.**

United States District Court,
N.D. New York.

Nov. 17, 1997.

---

United States Attorney, Albany, NY, for plaintiff; William Pericak, Asst. U.S. Atty., of counsel.

Ardeshir Faiyaz, New York, NY, pro se.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

This case concerns the proposed forfeiture, pursuant to 19 U.S.C. § 1595a(c)(2)(B), of 863 Iranian carpets allegedly imported illegally in violation of 31 C.F.R. § 560.201. On October 15, 1997, the Court held a bench trial on Plaintiff's claim of forfeiture. The Court's findings of fact and conclusions of law follow.

## I. FINDINGS OF FACT

The facts in this case are undisputed. On March 5, 1996, troopers with the New York State Police witnessed two Ryder rental trucks that appeared to be grossly overweight. The trucks were stopped and diverted to a New York State Police weighing station in Malone, New York, for further examination. Both drivers of the trucks were subsequently found to be operating the trucks without proper driver's licenses. Accordingly, the trucks were impounded.

The New York State Police then notified Jeffrey Bomba, an Agent with the United States Border Patrol, that they suspected the trucks were being used to smuggle goods from Canada into the United States. Agent Bomba searched the trucks and found a number of large bundles of carpets. With assistance from United States Customs, the agents found tags on some of the carpets indicating that the carpets were made in Iran.

The 863 carpets were then seized by United States Customs. Joseph Stephen, a United States Customs Import Specialist, examined the top and bottom of each carpet in order to determine its origin. At trial, Agent Stephen stated that based on his examination he concluded that all of the carpets were made in Iran. (October 15, 1997 Transcript at 68). Furthermore, in questioning by the Court, the Claimant stated the following:

THE COURT: Where did the rugs come from?

MR. FAIYAZ: All of them from Iran, your Honor. Some of 'em old, some of 'em around 80 years old, your Honor, up to 20 years old.

(Transcript at 9).

In summary, the Government presented nine witnesses. The Claimant Ardeshir Fayaz did not present any witnesses. Although not germane to the precise issue of the present forfeiture, the Government produced witnesses who testified that Ardeshir Fayaz regularly engaged in smuggling Iranian carpets from Canada to the United States.

## II. CONCLUSIONS OF LAW

■ The United States bears the same burden of proving probable cause in civil forfeiture actions brought under the customs laws as it does in civil forfeiture actions brought under the provisions of 21 U.S.C. § 881. See 19 U.S.C. § 1615. Therefore, "case law developed in cases under section 881, providing for forfeiture of property used to facilitate drug trafficking, applies to forfeitures under 19 U.S.C. § 1595a as well." Nnadi v. Richter, 976 F.2d 682, 686 (11th Cir.1992).

In both circumstances, the United States must demonstrate that it had probable cause to seize the property. 19 U.S.C. § 1615. Section 1615, entitled "Burden of proof in forfeiture proceedings," provides:

In all suits or actions [other than those involving fraud, gross negligence or negligence] brought for the forfeiture of any vessel, vehicle, aircraft, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage ... probable cause shall be first shown for the institution of such suit or action, to be judged by the court.

19 U.S.C. § 1615; *see also United States v. One 1975 Ford F100' Pickup Truck, Etc.*, 558 F.2d 755 (5th Cir.1977) (discussing forfeiture under 19 U.S.C. § 1595a); *United States v. Four Million, Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d 895, 904 (11th Cir.1985).

■ To satisfy the probable cause requirement, the Government must have reasonable grounds to believe that certain property is subject to forfeiture. "These grounds must rise above the level of mere suspicion but need not amount to what has been termed 'prima facie proof.'" *U.S. v. All Right, Title & Interest in Real Property & Bldg. Known as 303 West 116th Street, New York, N.Y.*, 901 F.2d 288, 291 (2d Cir.1990) (*citing United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986)). The government's evidence supporting forfeiture need only establish "reasonable grounds, rising above the level of mere suspicion, to believe that certain property is subject to forfeiture." *Id.* at 291 (*quoting U.S. v. One Parcel of Property Located at 15 Black Ledge Drive, Marlborough, Conn.*, 897 F.2d 97, 101 (2d Cir.1990)).

■ Once the government establishes probable cause, the burden of proof shifts to the claimant to prove a defense to the forfeiture. It is the claimant that bears "the ultimate burden of proving that the factual predicates for forfeiture have not been met." *Banco Cafetero Panama*, 797 F.2d at 1160. A claimant must prove a defense by a preponderance of the evidence. 19 U.S.C. § 1615; *see also U.S. v. One (1) 1981 65' Skokum Motor Sailor Ketch Named Silurian*, 717 F.Supp. 1546, 1550 (S.D.Fla.1989). If the claimant fails to rebut the government's showing of probable cause, this failure warrants permanent forfeiture. *See United States v. $5,644,540.00 in United States Currency*, 799 F.2d 1357, 1362 (9th Cir.1986); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983).

■ Here, the predicates for forfeiture are straightforward. Pursuant to 19 U.S.C. § 1595a(c):

Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:

\* \* \*

(2) The merchandise may be seized and forfeited if—

\* \* \*

(B) its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit, or authorization.

According to 31 C.F.R. § 560.201, importation of "any goods or services of Iranian origin, other than Iranian-origin publications and materials imported for news publications or news broadcast dissemination, is prohibited."

Based on the foregoing recitation of the law in this case, it is clear that the 863 carpets at issue here must be forfeited to the United States. U.S. Customs agents seized the carpets after finding tags on the some of the carpets indicating that they were made in Iran. At trial, Agent Stephen stated that based on his examination he concluded that all of the carpets were made in Iran. (October 15, 1997 Transcript at 68). In addition, during questioning by the Court, the Claimant stated the following:

THE COURT: Where did the rugs come from?

MR. FAIYAZ: All of them from Iran, your Honor. Some of 'em old, some of 'em around 80 years old, your Honor, up to 20 years old.

(Transcript at 9). The Claimant presented no evidence whatsoever to contradict the Government's testimony as to the origin of the carpets. Furthermore, the Claimant

presented no evidence that he had a license and/or authorization to import Iranian goods into the United States.

## III. CONCLUSION

For the foregoing reasons, the Court finds for PLAINTIFF. The 863 Iranian carpets are FORFEITED to the United States of America.

**IT IS SO ORDERED.**